CLD-230                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1184
_____

UNITED STATES OF AMERICA

v.

GREGORY PODLUCKY,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. Nos. 11-cr-00037, 09-cr-00279 & 09-cr-00278)
District Judge: Alan N. Bloch

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 11, 2017

Before:  SHWARTZ, NYGAARD and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 16, 2017)
_____

OPINION[*]
_____

PER CURIAM

     Gregory Podlucky appeals from an order of the District Court denying his "Motion

to Release Lien."  For the reasons that follow, we will summarily affirm.

     Podlucky pleaded guilty in the United States District Court for the Western

District of Pennsylvania to income tax evasion, mail fraud, and conspiracy to commit

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

money laundering.  As part of the plea agreement, Podlucky waived his right to appeal or collaterally attack his convictions and sentence.  He agreed to make restitution and to participate in the Bureau of Prisons Inmate Financial Responsibility Program through which 50% of his prison salary would be applied to pay restitution.  The agreement further contained a provision providing that he agreed to the criminal forfeiture of all pieces of  jewelry that were seized as evidence during the investigation of his crimes, with the exception of certain personal pieces to be agreed upon by the parties.  The District Court accepted the plea agreement and sentenced Podlucky to a term of imprisonment of twenty years, to be followed by five years of supervised release.  The District Court further ordered restitution in the amount of $661,324,329.81.  Podlucky appealed.  We granted the Government's motion to enforce the appellate waiver and summarily dismissed the appeal.

On October 6, 2013, Podlucky, represented by counsel, filed a motion to vacate sentence, 28 U.S.C. § 2255, arguing that the Government breached the terms of the plea agreement and thus that the collateral appeal waiver was not valid.  He also argued that counsel was constitutionally ineffective in negotiating the terms of the plea agreement.  Podlucky specifically argued that the Government, by failing to return the personal pieces of jewelry identified in Sections A.6 and B.5 of the plea agreement, breached the plea agreement.  The Government answered the § 2255 motion, noting that, prior to pleading guilty, Podlucky failed to identify any pieces of personal jewelry.  The Government acknowledged that, after Podlucky pleaded guilty, he came forward with a list of 679 items of jewelry worth $938,790, which he argued should be returned to him.  The Government asserted, however, that it rejected the claim because the evidence showed that almost all of the jewelry items claimed as personal had actually been purchased with

2

proceeds of the fraud scheme. In short, Podlucky was unable to document through his records that any of the jewelry, even the pieces which the Government could not link to the fraud, was personal. The Government argued that no agreement on exemption and return was ever reached, and that it had acted in good faith to fulfill the executory agreement by meeting with Podlucky to seek agreement consistent with its responsibility.

The District Court, in an order entered on December 29, 2014, dismissed the § 2255 motion pursuant to Podlucky's waiver of his right to file a collateral appeal. The Court concluded that Podlucky's plea was knowing and voluntary, and that enforcing the waiver would not work a miscarriage of justice in his case. In so doing, the District Court found Sections A.6 and B.5 -- pertaining to the forfeiture of the jewelry -- to be unenforceable as mere agreements to reach an agreement. The District Court found that these provisions were nonessential and severable from the plea agreement as a whole, and thus that the Government had not breached the plea agreement by failing to return any jewelry to Podlucky. Podlucky appealed, and we denied his application for a certificate of appealability.

On January 13, 2017, Podlucky filed an item in the District Court titled "Motion to Release Lien," which he asserted was for the purpose of facilitating the sale of a certain piece of property. Specifically, he alleged the following:

> Podlucky is responsible and liable for the mortgages filed against Lot and is diligently pursuing the payment of such mortgages by selling the LOT and allowing the mortgage holders to have the "personal pieces of jewelry" that Podlucky was to have returned pursuant to the Plea Agreement dated June 15, 2011 ("Plea") used as payments-in-kind. Podlucky would not be in default of the mortgages if the "personal pieces of jewelry" or more fully described, precious stones and precious metals, were returned as agreed and affirmed at the Change of Plea Hearing….

Motion, at ¶ 2. Podlucky further asserted that the United States Attorney for the Western District of Pennsylvania had filed a lien against the Lot pursuant to the criminal judgment

3

in his case, and that because the plea agreement and order of restitution were invalid, the lien was improper. Podlucky expressed concern that PIC Partners, a mortgagor, would ultimately seek restitution from him by pursuing the "personal pieces of jewelry" if it did not soon receive proceeds from the sale of the Lot. Motion, at ¶ 4.

In an order entered on January 20, 2017, the District Court denied Podlucky's "Motion to Release Lien." The Court reasoned that Podlucky's request to release the lien was premised on the validity of the plea agreement, and because that agreement had never been invalidated and remained in full force and effect, there was no basis for the relief requested.

Podlucky appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised Podlucky that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. As a general matter, a restitution order is enforceable as a lien upon all of the defendant's property. See, e.g., United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993) (citing 18 U.S.C. § 3663)). Here, the District Court correctly concluded that, because the allegation that the U.S. Attorney's lien is improper is based on a plea agreement and criminal judgment that remain in full force and effect, Podlucky is not entitled to release of the lien. In other words, the Lot is subject to a lien under a valid order of restitution. Therefore, Podlucky's motion properly was denied.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Podlucky's "Motion to Release Lien."

4